IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GERALD JONES,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Civil No. **03-56-DRH** |
| | ) | |
| **JEFF MOORE, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion for production of documents. **(Doc. 40).** Plaintiff asserts that, in accordance with notions of "equal protection," he is entitled to receive discovery materials in the same manner defendants have received them. More specifically, plaintiff wants copies of materials sought though his Requests for Production Nos. 1 and 2: (1) incident reports, investigative reports and any documentation regarding two alleged assaults on February 6, 2001, and the alleged subsequent deliberate indifference to his serious medical needs; and (2) his medical records March 2000 through August 2002 from the Medical Records Department of Pontiac Correctional Center. In addition, a second motion for production of medical records has been filed, indicating that prison officials, who are not defendants to this case, require payment of $26.15 before copies of plaintiff's medical records will be turned over to plaintiff. **(Doc. 45).**

Plaintiff asserts that he cannot afford to pay for copies of the requested medical records, and he cites administrative procedures for the provision of such records to those who cannot afford them. Still, plaintiff requests that the Court order Pontiac Correctional Center to provide the requested medical records free of charge. **(Docs 44 and 45).** The individual defendants note that they are not

the custodians of the records sought, and that they are not obligated to bear the costs of plaintiff's discovery.  **(Docs. 41, 42, 46 and 47).**  Plaintiff misconstrues the scope of the Equal Protection Clause of the Fourteenth Amendment; it does not entitle civil litigants to equal resources.

Defendants are correct.  They are sued in their individual capacities and, even by plaintiff's own admission, the defendants are not the custodians of the records sought.  *Ivey v. Harney*, 47 F.3d 181 (7th Cir. 1995), prohibits the Court from shifting discovery responsibilities and costs from the plaintiff, except in the rarest of circumstances.

In any event, defendants *have* recently provided plaintiff with copies of his medical records for February 6, 2001, the date at issue.  Plaintiff has not explained why additional medical records would be relevant.  With respect to incident reports, investigative reports and the like, the Court is again unable to cost-shift the expense to the defendants, and the Court has no jurisdiction to order the Illinois Department of Corrections or any of its facilities to provide plaintiff with copies of records for free.

**IT IS THEREFORE ORDERED** that plaintiff's motions to compel **(Docs. 40 and 45)** are **DENIED**.

**IT IS FURTHER ORDERED** that plaintiff's "Motion for Decisions" on the aforementioned motions **(Doc. 53)** is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

DATED: September 20, 2005

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
