IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | )   Civil No.  **03-56-DRH** |
| | ) |
| **JEFF MOORE, et al.,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

**PROUD, Magistrate Judge:**

Before the Court are the defendants' motions to strike the amended complaint filed by plaintiff on September 19, 2005.  **(Docs. 57 and 61).**  Defendants object that: (1) plaintiff did not seek leave of Court to file an amended complaint; (2) disregarding formalities and allowing amendment at this juncture would be contrary to the deadline for amendment prescribed by the trial practice schedule controlling this case; (3) all new material in the amended complaint is not underlined as required by Local Rule 15.1; and (4) proposed new claims of  retaliation and due process violations could have been raised before, and now they are beyond the statute of limitations and plaintiff has not shown that they relate back to his original claims or that he had good cause for not raising them before.

Plaintiff has not specifically respond to defendants' motion to strike, but he has now filed a "Motion to Add and Particularize Plaintiff['s] Already Intended Stated Claims, which the Court construes as a motion for leave to amend his complaint.  **(Doc. 64).**  In response, defendants add that plaintiff's deposition testimony illustrates that there is no factual basis for adding the new claims.  **(Doc. 69).**

Federal Rule of Civil Procedure 15(a) and Local Rule 15.1 require plaintiff to obtain leave of Court before filing an amended complaint– which plaintiff did not do.  Leave to amend is to be granted freely, "when justice so requires."  **Fed.R.Civ.P. 15(a).**  Mindful that plaintiff is proceeding pro se, the Court has reviewed the amended complaint and considered plaintiff's assertions that the Court misconstrued his original complaint, omitting claims for retaliation and due process.  Although plaintiff does mention "due process" several times in the original complaint, his use of that term appears legally misplaced.  Plaintiff refers to the infliction of excessive force and denial of medical care without due process, apparently in relation to allegations that prison rules and/or policies about the use of force were not followed.  However, the violation of prison rules and policies relative to the use of force or provision of medical care does not implicate due process per se.  *See Sandin v. Conner*, **515 U.S. 472, 484-485 (1995) (State-created liberty interests protected under due process clause are "generally limited to freedom from restraint; and "[d]iscipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law.").**  Accordingly, the Court does not find that justice requires allowing plaintiff leave to amend his complaint to add claims that are patently without legal merit.

      **IT IS THEREFORE ORDERED** that defendants' motions to strike plaintiff's amended complaint **(Docs. 57 and 61)** are **GRANTED**.  The Clerk shall have the record so reflect.

      **IT IS FURTHER ORDERED** that plaintiff's motion for leave to amend his complaint **(Doc. 64)** is **DENIED**.

**IT IS SO ORDERED.**

**DATED: December 7, 2005**

                                              **s/ Clifford J. Proud**
                                              **CLIFFORD J. PROUD**
                                              **U. S. MAGISTRATE JUDGE**