IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | Civil No. **03-56-DRH** |
| ) | |
| **JEFF MOORE, et al.,** ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**PROUD, Magistrate Judge:**

Plaintiff Gerald Jones, proceeding pro se, is before the Court seeking reconsideration of the Court's December 7, 2005, order **(Doc. 80)** denying his motion **(Docs. 56)** for leave to amend his complaint to add a due process claim. **(Doc. 82).** Plaintiff contends that the trial practice schedule entered in this case **(Doc. 38)** granted him leave to amend his complaint. Plaintiff further argues that the original complaint contains a due process claim that has been ignored and that, in any event, relates back to the issues already recognized by the Court. Plaintiff also construes the Court's order as indicating that plaintiff's response to defendants' motion to strike the amended complaint **(Doc. 65)** was not considered by the Court.

Defendants have filed a response generally objecting to plaintiff's motion for reconsideration. Defendants argue that plaintiff's proposed additional claims are barred by the statute of limitations and do not relate back to the claims in the original complaint. Defendants, citing *Whitley v. Albers*, 475 U.S. 312 (1986), and similar decisions from the Court of Appeals for the Seventh Circuit, holding that Eighth Amendment protections against cruel and unusual punishment are coextensive with substantive due process rights under the Fourteenth

Amendment.

As a preliminary matter, the Court notes that the trial practice scheduling order merely set a deadline for filing a motion for leave to amend the complaint. That is not the same as approving the filing of an amended complaint sight unseen.

The Court's statement that, "Plaintiff has not specifically respond to defendants' motion to strike," was meant to convey that plaintiff had not specifically countered the defendants' legal arguments. The Court clearly recognized and addressed the arguments plaintiff had asserted, that the original complaint contained a due process allegation.

In any event, the Court finds no basis for reconsideration of its previous decision. Defendants have summarized the Court's position more succinctly and clearly than the Court– plaintiff misunderstands the distinction between a substantive due process claim and a procedural due process claim. As noted by defendants, Eighth Amendment protections against cruel and unusual punishment are coextensive (having the same scope) with substantive due process rights under the Fourteenth Amendment. *See Williams v. Boles*, **841 F.2d 181, 183 (7th Cir. 1988) (citing *Whitley v. Albers*).**

> To the extent defendants could have violated plaintiffs' substantive due process rights, these rights are essentially coextensive with Eighth Amendment prohibitions against cruel and unusual punishment, and "where the deliberate use of force is challenged as excessive and unjustified," the Eighth Amendment serves as the primary source of protection for convicted prisoners.

*Lunsford v. Bennett*, **17 F.3d 1574, 1583 (7th Cir. 1994).** Simply put, plaintiff chose the correct legal basis for his claim, the Eighth Amendment.

**IT IS THEREFORE ORDERED** that plaintiff's motion for reconsideration **(Doc. 82)** is

2

**DENIED**.

    **IT IS SO ORDERED.**

    **DATED: January 3, 2006**

                                             **s/ Clifford J. Proud**

                                             **CLIFFORD J. PROUD**

                                             **U. S. MAGISTRATE JUDGE**