IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** ) </br> ) </br> ) </br> Plaintiff, ) </br> ) </br> V. ) </br> ) </br> **JEFF MOORE, BRAD SHIELDS,** ) </br> **LT. WRIGHT, MR. NEIGHBORS,** ) </br> **MR. SERLES, and DR. POWERS,** ) </br> ) </br> Defendants. ) | Civil No. **03-56-CJP**[1] |

### ORDER

Plaintiff Gerald Jones, who at all relevant times was incarcerated at Tamms Correctional Center, has brought suit pursuant to 42 U.S.C. § 1983, alleging that on February 6, 2001, defendants Serles, Moore, Neighbors, Shields and Wright, intentionally used excessive force against him in violation of the Eighth Amendment. (*See* **Docs. 1 and 6**). Plaintiff further alleges that Dr. Powers was deliberately indifferent to serious medical needs that resulted from the assault– another Eighth Amendment violation. (*See* **Docs. 1 and 6**). Defendant Powers is now before the Court seeking summary judgment. (**Doc. 49**).

A Report and Recommendation issued by this Court was pending at the time the parties consented to have this matter tried before a magistrate judge. The Court had recommended that defendant Powers be granted summary judgment. (**Doc. 87**). Plaintiff filed an objection, to which defendant Powers responded. (**Docs. 89 and 91**). Out of an overabundance of caution

---

[1] Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties, U.S. District Judge David R. Herndon referred this case to U.S. Magistrate Judge Clifford J. Proud for final resolution. (**Docs. 92, 94 and 95**).

and consistent with 28 U.S.C. § 636(b)(1), this Court will now consider plaintiff's objections and defendant Powers' response and review the recommendation *de novo* and enter a final ruling.

## Arguments for Summary Judgment

Relying primarily on plaintiff's deposition testimony and medical records, Dr. Powers argues that plaintiff did not have a serious medical need and, in any event, he received medically appropriate treatment. **(Docs. 49 and 50)**. Plaintiff, stressing that his *pain* was not treated, counters that material questions of fact remain that preclude summary judgment. **(Doc. 32)**. Plaintiff also attempts to discount his deposition testimony, noting he "reserved signature," implying that the accuracy of the deposition is in question. **(Doc. 32;** *see also* **Doc. 59)**.

Additional filings debate whether plaintiff's recitation of "undisputed material facts" are undisputed. **(***Compare* **Doc. 52, pp. 6-11 (as numbered in CM/ECF)** *and* **Doc. 66** *with* **Doc. 58)**. It should suffice to say that this debate makes it axiomatic that the facts are disputed.

In objection to the Court's Report and Recommendation, plaintiff now argues that the Court should not rely upon his deposition testimony, which erroneously indicates that plaintiff sought mental health care, not medical care, when plaintiff actually requested both. Plaintiff also argues that the nurse's notes did not reflect the true nature of his condition and the doctor's notes are falsified. Plaintiff otherwise insists and asserts throughout his 48 page objection that his injuries and pain were serious and that material questions of fact and veracity preclude summary judgment. **(Doc. 89)**.

In response, Defendant Powers relies on *Darnell v. Target*, 16 F.3d 174 (7th Cir. 1994). **(Doc. 91)**.

## Legal Standard for Summary Judgment

2

Summary judgment is appropriate under Federal Rule of Civil Procedure 56 where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." **Fed.R.Civ.P. 56(c);** *see also Celotex Corp. v. Catrett*, **477 U.S. 317 (1986).** The evidence is construed in the light most favorable to the non-moving party and all justifiable inferences are drawn in favor of that party. *See* **Anderson v. Liberty Lobby, Inc.**, **477 U.S. 242, 255 (1986).** Once the moving party has produced evidence to show that he or she is entitled to summary judgment, the non-moving party must affirmatively demonstrate that a genuine issue of material fact remains for trial. *Johnson v. City of Fort Wayne*, 91 F.3d 922, 931 (7th Cir. 1996).

In responding to a summary judgment motion, the non-moving party may not simply reiterate the allegations contained in the pleadings, more substantial evidence must be presented at this stage. "The object of [Rule 56(e) ] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit." *Lujan v. National Wildlife Federation*, **497 U.S. 871, 888 (1990).** Moreover, a genuine issue of material fact is not shown by the mere existence of "some alleged factual dispute between the parties" (*Anderson*, **477 U.S. at 247)**, or by "some metaphysical doubt as to the material facts, (*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, **475 U.S. 574, 586 (1986))**." "[S]ummary judgment will not be defeated simply because issues of motive or intent are involved, and is proper when plaintiff fails to indicate any motive or intent to support plaintiff's position." *Morgan v. Harris Trust and Savings Bank*, 867 F.2d 1023, 1026 (7th Cir. 1989).

## Analysis

3

The Eighth Amendment prohibition against cruel and unusual punishment requires prison officials to take reasonable measures to ensure a prisoner's safety and forbids them from intentionally denying or delaying medical care. ***Farmer v. Brennan,* 511 U.S. 825, 832 (1994);** ***Estelle v. Gamble,* 429 U.S. 97, 104-105 (1976).** However, not every injury a prisoner suffers violates the Eighth Amendment.

> To state an Eighth Amendment claim, a prisoner must show that (1) he had a serious medical need, and (2) the defendants were deliberately indifferent to it. An objectively serious medical need is "'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Deliberate indifference entails more than "mere negligence," and requires the prisoner to show that the prison official was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment.

***Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) (internal citations omitted).**

With respect to the first prong of the test, regarding serious medical need, the ultimate determination regarding the seriousness of an injury is best left to a healthcare professional, or the seriousness of the injury must be so obvious that even a lay person would easily recognize the necessity for a healthcare professional's attention. ***Davis v. Jones*, 936 F.2d 971, 972 (7th Cir. 1991)*; see also Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996).** However, differences of opinion among medical personnel or between the inmate and his doctors concerning what is appropriate treatment do not constitute deliberate indifference. ***Gil v. Reed,* 381 F.3d 649, 663 (7th Cir. 2004); *Snipes v. DeTella,* 95 F.3d 586, 592 (7th Cir. 1996)**. Nevertheless, deliberate indifference may be inferred if the defendant medical professional's "subjective response was so inadequate that it demonstrated an absence of professional judgment, that is, that no minimally competent professional would have so responded under the

4

circumstances." ***Collingnon v. Milwaukee County***, **163 F.3d 982, 989 (7th Cir. 1998).**

"[Not] every ache and pain or medically recognized condition involving some discomfort" warrants relief under the Eighth Amendment. ***Gutierrez v. Peters,*** **111 F.3d 1364, 1372 (7th Cir.1997).**

> A prison's medical staff that refuses to dispense bromides for the sniffles or minor aches and pains or a tiny scratch or a mild headache or minor fatigue-the sorts of ailments for which many people who are not in prison do not seek medical attention-does not by its refusal violate the Constitution. The Constitution is not a charter of protection for hypochondriacs. But the fact that a condition does not produce "objective" symptoms does not entitle the medical staff to ignore it.

***Cooper v. Casey***, **97 F.3d 914, 916-917 (7th Cir. 1996).**

The second prong of the test is subjective; the defendant must actually be aware of a substantial risk of serious harm and fail to take reasonable measures to prevent the harm from occurring. ***Farmer,*** **511 U.S. at 834**; ***Henderson v. Sheahan,*** **196 F.3d 839, 845 (7th Cir. 1999).** The defendant's conduct must be intentional or criminally reckless; even gross negligence is not enough. ***Chapman v. Keltner,*** **241 F.3d 842, 845 (7th Cir. 2001).** The totality of the care provided must be considered when analyzing deliberate indifference. ***See Gutierrez,*** **111 F.3d at 1374-75.**

Plaintiff alleges in Count 1 of the Complaint that defendants Serles, Moore, Neighbors, Shields and Wright assaulted him in the shower area, and again when they returned him to his cell. These assaults allegedly involved stomping on plaintiff's legs, stepping on his bare toes, choking him, and hitting him about the head. **(*See* Doc. 6, p. 2).** According to plaintiff's deposition testimony[2], after he was assaulted he asked to see a nurse– someone from the mental

---

[2] Noting that he "reserved signature" and wanted to review the accuracy of the transcript of the deposition, plaintiff suggests that the Court should not be able to rely on the transcript in

5

health unit, but no one came. **(Doc. 49, Exhibit 1, pp. 48-49).** Plaintiff now contends he also asked for medical care. In any event, eventually, Nurse Montgomery arrived at his cell and spoke to plaintiff about whether he needed some "bandages and stuff." **(Doc. 49, Exhibit 1, p. 50).** According to plaintiff, he had blood on his ankles. "It wasn't no more than a fingernail" worth of blood– a couple of inches long. **(Doc. 49, Exhibit 1, p. 51).** According to the nurse's notes, plaintiff had "abrasions on both front ankles," "approx[imately] 3cm x 1 cm," with "some bleeding; and plaintiff reported that his eye was swollen, which the nurse could not visualize from outside the cell. **(Doc. 49, Exhibit 2-A (2/6/2001 medical records)).** The nurse advised plaintiff to wash his ankles with soap and water. **(Doc. 49, Exhibit 1, p. 68; and Exhibit 2-A (2/6/2001 medical records)).** That was at approximately 11:00 a.m. **(Doc. 49, Exhibit 2-A (2/6/2001 medical records)).** Plaintiff now contends the nurse's brief notations do not fully reflect his condition.

Nurse Montgomery did not return, but Major Riley later radioed for Dr. Powers, who came to plaintiff's cell. **(Doc. 49, Exhibit 1, pp. 52 and 59).** Plaintiff was then escorted to the sick call room, with Dr. Powers walking behind him. **(Doc. 49, Exhibit 1, pp. 59-60 and 69).** As Dr. Powers examined plaintiff, plaintiff recounted what had happened to him. **(Doc. 49, Exhibit 1, p. 60).** All the while Dr. Powers was asking plaintiff to move his neck, looking at plaintiff's ankles, and rotating his feet. **(Doc. 49, Exhibit 1, p. 60).** Defendant Serles was

---

deciding the subject motion. Plaintiff has *only now* specified an inaccuracy in the transcript– an omission of his request for medical care. The Court has no cause to doubt the accuracy of the transcript. Plaintiff's testimony was sworn, and the court reported attested to the accuracy of the transcript. Therefore, the transcript appears to comport with Federal Rule of Civil Procedure 30. In any event, a party cannot create questions of fact and/or credibility by belatedly issuing contradictory statements that ameliorate or contradict prior sworn statements, at least not without further support in the record. ***See Darnell v. Target*, 16 F.3d 174, 176-177 (7th Cir. 1994).**

present and interjected that plaintiff "looked ok," at which time plaintiff perceived that Dr. Powers became "scared," stepped back and concluded the exam. **(Doc. 49, Exhibit 1, p. 60).** According to plaintiff, the doctor offered him some ointment (Bacitracin for infection) to "brush him off," and made plaintiff start walking back to his cell. **(Doc. 49, Exhibit 1, p. 60; and Exhibit 2-A (2/6/2001 medical records)).** That all occurred around 12:45 p.m, an hour and a half after Nurse Montgomery first saw plaintiff. **(Doc. 49, Exhibit 2-A (2/6/2001 medical records)).**

Plaintiff saw Dr. Powers again the next day and reported that he was in pain and needed an ice pack. **(Doc. 49, Exhibit 1, p. 63).** According to plaintiff, his face was swollen in the vicinity of his left eye, and his neck and shoulders hurt, and his ankle wounds stung. **(Doc. 49, Exhibit 1, pp. 63-64 and 66).** Dr. Powers merely advised plaintiff to stay off his feet. **(Doc. 49, Exhibit 1, pp. 63 and 66).** Dr. Powers did not see plaintiff again for those injuries. By plaintiff's account, the swelling in his face went away in three to four days, and he only used the ointment three or four times. **(Doc. 49, Exhibit 1, pp. 65- 66).** Plaintiff received a generic form of Tylenol from the nurses on rounds, and his pain eventually dissipated. **(Doc. 49, Exhibit 1, pp. 66-67).** Plaintiff has not alleged any permanent disability. Plaintiff now alleges that Dr. Powers falsified his records and testimony buy interjecting his own opinion about what pain plaintiff was feeling, and by not accurately depicting plaintiff's condition.

In his affidavit Dr. Powers, citing corresponding medical records, notes Nurse Montgomery's handling of the situation, her observations of plaintiff's condition, and her advice about washing the ankle injuries, and explains that after his examination of plaintiff he only saw fit to add Bacitracin ointment to prevent infection, and which should be soothing. **(Doc. 49,**

**Exhibit 2).**  In Dr. Powers' medical opinion, plaintiff did not have a serious medical need, the treatment was appropriate, and no further treatment was warranted.  **(Doc. 49, Exhibit 2).**

As noted above, in accordance with *Darnell v. Target*, 16 F.3d 174, 176-177 (7th Cir. 1994), plaintiff's attempt to create questions of fact and/or credibility by backing off his deposition testimony and asserting that all of the other evidence that is contrary to his position is false or inaccurate cannot stave off summary judgment without further substantiation in the record.  Federal Rule of Civil Procedure 56 makes clear that bald assertions are not enough.  Therefore, the Court will continue to rely upon plaintiff's deposition testimony and the medical records that were made a the time of treatment, as plaintiff has failed to present additional contradictory evidence.  *See* **Fed.R.Evid. 803 (regarding present sense impressions, statements for purposes of medical diagnosis or treatment, records of regularly conducted activity, and public records and reports).**

From an objective perspective, plaintiff's injuries and pain, separately or in combination, do not rise to the level of a serious medical need.  Plaintiff did not mention being in pain when he made that initial request for attention, or when he spoke with Nurse Montgomery.  Plaintiff's description, and the medical notes written by Nurse Montgomery describing mere abrasions, leave no doubt about the minor nature of the injuries.  Dr. Powers' medical notes and the medical opinion expressed in his affidavit support that conclusion.  There is nothing to suggest that plaintiff's injuries and pain are not of the type and nature a layperson is able to assess.  Plaintiff merely has a difference of opinion about the proper course of treatment. Therefore, plaintiff has failed to satisfy the first prong of the test.

Plaintiff also fails to satisfy the second prong regarding deliberate indifference.

Considering the totality of the care and the evidence set forth above, there is no basis from which to infer deliberate indifference.  Although plaintiff perceives that defendant Serles intimidated Dr. Powers and somehow impeded treatment, Dr. Powers' affidavit and medical notes do not support such an inference.  Insofar as plaintiff contends that his pain and swelling were ignored, Dr. Powers thought the Bacitracin ointment would prevent infection and be soothing.  The fact that plaintiff now asserts that the ointment stung and, without bandages to cover it, was messy and attracted lint, hardly amounts to deliberate indifference, criminal recklessness, or even gross negligence.  (*See* **Doc. 52-2, p. 5 (as numbered in CM/ECF)).**

**IT IS THEREFORE ORDERED**, for the aforestated reasons, defendant Powers' motion for summary judgment on Count 2 of the complaint **(Doc. 49)** be granted.  No additional claims against Powers remain; therefore, he is dismissed from this action.

DATE: March 24, 2006

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**