IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** )<br>)<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>**JEFF MOORE, BRAD SHIELDS,** )<br>**LT. WRIGHT, MR. NEIGHBORS,** )<br>**MR. SERLES, and DR. POWERS,** )<br>)<br>Defendants. ) | Civil No. **03-56-CJP** |

## ORDER

Before the Court is plaintiff Gerald Jones' "Motion for Vacatement of Judgment" [sic]. **(Doc. 99).** The Court construes plaintiff's motion as seeking reconsideration of the order granting defendant Powers' motion for summary judgment, pursuant to Federal Rule of Civil Procedure 60(b). Plaintiff argues that it was error for the undersigned magistrate judge to essentially adopt his own report and recommendation regarding Powers' motion for summary judgment, after the parties consented to have this case conducted before a magistrate judge. Plaintiff also contends the Court erroneously construed Powers' and plaintiff's deposition testimony, as well as the medical records, which plaintiff asserts show Powers was deliberately indifferent to his pain, swollen eye and injured knee. Plaintiff asserts that additional evidence will be produced at trial that will support his claims against Powers.

Defendant Powers counters that plaintiff did not provided any evidence to contradict Powers' affidavit before the motion for summary judgment was granted, and new evidence should not be considered by the Court. In addition, Powers observes that plaintiff consented to

1

the full jurisdiction of the magistrate judge, and he has failed to demonstrate that he would have received a more favorable ruling from a different judge.  **(Doc. 100).**

Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties, U.S. District Judge David R. Herndon referred this case to the undersigned magistrate judge for final resolution.  **(Docs. 92, 94 and 95).**  At the time the consent was executed, all parties were aware that defendant Powers' motion for summary judgment was pending.  The consent form clearly states that the parties are consenting to have a magistrate judge conduct "all proceedings in this case, including but not limited to the trial of this case."  **(Doc 92).**  United States District Judge David R. Herndon subsequently referred this case and the pending motion for summary judgment, to this Court.  Rather than merely "adopt" its own report and recommendation out of hand, as explained in the order, "[o]ut of an overabundance of caution and consistent with 28 U.S.C. § 636(b)(1)," this Court considered plaintiff's objections and defendant Powers' response and reviewed the recommendation *de novo*.  **(Doc. 97).**  The fact that plaintiff now is displeased with the ruling is not grounds for vacating his consent.

Federal Rule of Civil Procedure 56(e) makes clear that in responding to a motion for summary judgement a party may not rest on mere allegations or denials; rather, affidavits and other evidence must be produced to show there is a material question of fact for trial.  Therefore, plaintiff's belated attempt to bolster his case is for naught.

In ruling on the motion for summary judgment, the Court found, in accordance with *Darnell v. Target*, 16 F.3d 174, 176-177 (7th Cir. 1994), plaintiff's attempt to create questions of fact and/or credibility by backing off his deposition testimony and asserting that all of the other evidence that is contrary to his position is false or inaccurate cannot stave off summary judgment

without further substantiation in the record.  The present motion for reconsideration is nothing more than another such attempt.

**IT IS THEREFORE ORDERED**, for the aforestated reasons, plaintiff's motion for reconsideration of the Court's March 25, 2006, order granting defendant Powers summary judgment **(Doc. 99)** is **DENIED** in all respects.

**DATE: July 18, 2006**

     s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**