IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **03-56-CJP** |
| | ) |
| **JEFF MOORE, BRAD SHIELDS,** | ) |
| **LT. WRIGHT, MR. NEIGHBORS,** | ) |
| **MR. SERLES, and DR. POWERS,** | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff Gerald Jones' motion to strike his consent to trial by magistrate judge. **(Doc. 119).** Just as he argued in his "Motion for Vacatement of Judgment" [sic] **(Doc. 99),** plaintiff argues that it was error for the undersigned magistrate judge to essentially adopt his own report and recommendation regarding Powers' motion for summary judgment, after the parties consented to have this case conducted before a magistrate judge. Plaintiff now adds that when he was told that the report and recommendation was pending before U.S. District Judge David R. Herndon, he assumed that would not be altered by his consent to have a magistrate judge try his case.

This Court has already ruled on this issue by order dated July 18, 2006. **(Doc. 114).** Therefore, the Court considers the issue moot, therefore the present motion will be decided without benefit of an additional response from the defendants, who previously objected to vacating the consent and referral to this Court.

1

Pursuant to 28 U.S.C. § 636(c)(1), upon the consent of the parties, U.S. District Judge David R. Herndon referred this case to the undersigned magistrate judge for final resolution. **(Docs. 92, 94 and 95).** At the time the consent was executed, all parties were aware that defendant Powers' motion for summary judgment was pending. The consent form clearly states that the parties are consenting to have a magistrate judge conduct "all proceedings in this case, including but not limited to the trial of this case." **(Doc 92).** United States District Judge David R. Herndon subsequently referred this case and the pending motion for summary judgment, to this Court. Rather than merely "adopt" its own report and recommendation out of hand, as explained in the order, "[o]ut of an overabundance of caution and consistent with 28 U.S.C. § 636(b)(1)," this Court considered plaintiff's objections and defendant Powers' response and reviewed the recommendation *de novo*. **(Doc. 97).**

The fact that plaintiff now is displeased with this Court's ruling regarding defendant Powers is not grounds for vacating his consent. Plaintiff appears to be judge shopping. Moreover, it is antithetical for plaintiff to now assert that this Court is not suited to rule on defendant Powers' motion for summary judgment, yet plaintiff clearly thought this Court suited to try the rest of his case. In any event, plaintiff is free to appeal this Court's decision granting Powers summary judgment.

**IT IS THEREFORE ORDERED**, for the aforestated reasons, plaintiff's motion to strike his consent to trial by magistrate judge **(Doc. 119)** is **DENIED**.

**DATE: August 2, 2006**

  s/ Clifford J. Proud  
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**