IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **03-56-CJP** |
| | ) |
| **JEFF MOORE, BRAD SHIELDS,** | ) |
| **LT. WRIGHT, MR. NEIGHBORS,** | ) |
| **MR. SERLES, and DR. POWERS,** | ) |
| | ) |
| Defendants. | ) |

**ORDER**

Before the Court is plaintiff Gerald Jones' "Motion for Recusal, and Disqualification"– his third motion aimed at vacating his consent to trial by magistrate judge. **(Doc. 122).** The Court has repeatedly explained that plaintiff cannot "judge shop" just because he did not agree with the Court's ruling granting defendant Powers summary judgment. Plaintiff's remedy for his displeasure with the Court's ruling is an appeal. The Court will not rehash its previous orders, but will address a few items in the hope of clearing up some of plaintiff's misconceptions.

First and foremost, the undersigned Magistrate Judge is not a female. The Court perceives that plaintiff must be confusing his conversations with either the Court's law clerk or courtroom deputy.

Second, at the time of consent this Court's report and recommendation regarding Dr. Powers' motion for summary judgment was pending before U.S. District Judge David R. Herndon. After a consent is executed, it is ultimately Judge Herndon's decision whether to refer the case to a magistrate judge and, if so, when that referral will occur. Judge Herndon could

1

have ruled on the pending motion, but he elected to refer the case for resolution without ruling on the report and recommendation.  This Court then undertook a de novo review of the motion, taking into consideration plaintiff's objections to the report and recommendation.  The Court's decision was based on the high legal standard for liability  applicable to Eighth Amendment "deliberate indifference to serious medical need" claims.

Third, plaintiff's assertions that the undersigned Magistrate Judge has a personal stake in the outcome of this case, favoring the defendants is baseless.  The mere fact that the Court issues a ruling adverse to a party does not imply prejudice on the part of the Court.

**IT IS THEREFORE ORDERED**, for the aforestated reasons, plaintiff's "Motion for Recusal, and Disqualification" **(Doc. 122)** is **DENIED**.

**DATE: August 8, 2006**

  s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**