IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GERALD JONES,** )<br>)<br>)<br>Plaintiff, )<br>)<br>V. )<br>)<br>**JEFF MOORE, BRAD SHIELDS,** )<br>**LT. WRIGHT, MR. NEIGHBORS,** )<br>**MR. SERLES, and DR. POWERS,** )<br>)<br>Defendants. ) | Civil No. **03-56-CJP** |

# ORDER

Before the Court is plaintiff Gerald Jones' "Motion for Reconsideration and Motion for New Trial and Relief from Judgment," filed in accordance with Federal Rule of Civil Procedure 59. **(Doc. 135).** Defendants Moore, Shields, Wright, Serles and Neighbors have filed a response in opposition **(Doc. 136)**, to which plaintiff filed a reply **(Doc. 145)**.

Plaintiff Jones, who at all relevant times was incarcerated at Tamms Correctional Center, brought suit pursuant to 42 U.S.C. § 1983, alleging that on February 6, 2001, defendants Serles, Moore, Neighbors, Shields and Wright, intentionally used excessive force against him in violation of the Eighth Amendment. **(*See* Docs. 1 and 6).** Plaintiff further alleged that Dr. Powers was deliberately indifferent to serious medical needs that resulted from the assault–another Eighth Amendment violation. **(*See* Docs. 1 and 6).** Dr. Powers was granted summary judgment **(Doc. 97)**, and the remaining defendants proceeded to trial, where a jury rendered a verdict in their favor and against plaintiff **(Doc. 132)**.

Plaintiff now argues:

1

1. The verdict was against the weight of the evidence;

2. Plaintiff was prohibited from using the defendants' discovery responses to show that they had perjured themselves;

3. The defendants' testimony contracted each other and their respective incident reports;

4. Plaintiff's medical records showed that the defendants should have noticed that plaintiff had injuries on February 6, 2001;

5. The defendants did not provide any evidence showing how plaintiff's injuries occurred;

6. The fact that plaintiff was seen by Dr. Powers proves plaintiff did not refuse medical treatment;

7. Pictures taken of plaintiff on February 6, 2001, reflect that plaintiff was not being combative;

8. Plaintiff lacked "proper information" in the voir dire regarding the judge's familiarity with a member of the jury pool;

9. Plaintiff's various exhibits were not allowed into evidence;

10. Plaintiff had to give his testimony in a narrative form;

11. During trial correctional officers tried to handcuff plaintiff in the presence of the jury;

12. Plaintiff was not allowed to call the defendants' attorney as a witness;

13. Improper jury instructions were given;

    14.       Plaintiff was not given enough time for closing argument;

    15.       The judge was biased and retaliatory; and

    16.       The defendants were not present for the reading of the verdict.

**(Doc. 135 (parts 1-3 in the CM-ECF system) (pp. 2-48 as numbered by plaintiff)).**

The Court further construes plaintiff's motion as requesting that the ruling granting Dr. Powers summary judgment be vacated.

### Applicable Legal Standards

Federal Rule of Civil Procedure 59(a) provides that in any action where there has been a jury trial, a new trial may be granted "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." That language has been interpreted to mean that a district court may grant a new trial only if the jury's verdict was against the manifest weight of the evidence, or a new trial is necessary to prevent a miscarriage of justice. *See Romero v. Cincinnati, Inc.,* **171 F.3d 1091, 1096 (7th Cir.1999);** *Lonsdorf v. Seefeldt,* **47 F.3d 893, 897 (7th Cir.1995);** *Sokol Crystal Products, Inc. v. DSC Communications Corp.,* **15 F.3d 1427, 1432 (7th Cir.1994).** "'[W]e will not set aside a jury verdict if a reasonable basis exists in the record to support that verdict. . . .' The evidence must be viewed in the light most favorable to the prevailing party and issues of credibility and weight of evidence are within the purview of the jury." *Carter v. Chicago Police Officers,* **165 F.3d 1071, 1079 (7th Cir.1998)(quoting and citing to** *M.T. Bonk Co. v. Milton Bradley Co.***, 945 F.2d 1404, 1407 (7th Cir. 1991)).** The decision whether to grant a motion for a new trial is within the trial court's discretion. *Neal v. Honeywell, Inc.,* **191 F.3d 827, 831 (7th Cir.1999).**

A motion under Rule 59(e) can also ask that a judgment be set aside in its entirety. ***A.D. Weiss Lithograph Co., Inc. v. Illinois Adhesive Prods. Co.,* 705 F.2d 249, 250 (7th Cir.1983).** Therefore, the Court may also consider vacating the early ruling granting Dr. Powers summary judgment. The standard for deciding a motion for judgment as a matter of law is "fundamentally the same" as the standard for summary judgment. ***Massey v. Blue Cross-Blue Shield of Illinois,* 226 F.3d 922, 924 (7th Cir. 2000).** The court does not re-weigh the evidence or make credibility determinations, but must ensure that there is more than a "mere scintilla" of evidence to support the verdict. ***Filipovich v. K & R Express Sys., Inc.,* 391 F.3d 859, 863 (7th Cir. 2004).** However, the limited function of a motion to alter or amend judgment under Rule 59(e) is to correct manifest errors of law or fact or to present newly discovered evidence. ***Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003).** "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." ***Russell v. Delco Remy Division of Gen. Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995).** The decision whether to grant a Rule 59(e) motion is also discretionary. ***In the Matter of Prince,* 85 F.3d 314, 324 (7th Cir.1996).**

## Analysis

### Dr. Powers

Insofar as plaintiff would have the ruling granting Dr. Powers summary judgment vacated and Powers go to trial, plaintiff has failed to present any argument that the ruling was legally flawed and a manifest injustice. Rather, plaintiff would have the Court reweigh the evidence in light of all that was presented at the trial of the other defendants.

In ruling on the motion for summary judgment, the Court concluded that, from an objective perspective, plaintiff's injuries and pain did not rise to the level of a serious medical need; plaintiff merely had a difference of opinion about the proper course of treatment. Furthermore, considering the totality of the care and the evidence before the Court at the time, there was no basis from which to infer deliberate indifference. **(Doc. 97).** Plaintiff does not allege a manifest error or contend that new evidence exists, so there is no cause for reconsidering that ruling. A Rule 59 motion is not an opportunity to rehash arguments already presented in opposition to the motion for summary judgment. *Caisse Nationale de Credit Agricole v. C.B.I. Industries, Inc.*, 90 F.3d 1264, 1269-1270 (7th Cir. 1996). Plaintiff's motion therefore fails in that respect. The Court stands by the analysis and conclusions in its prior order granting Dr. Powers summary judgment.

### Arguments Regarding the Evidence

The vast majority of plaintiff's arguments are premised upon plaintiff's credibility determinations and assignment of weight to the evidence. Plaintiff baldly asserts that the defendants' testimony was perjury and that the Court suborned that perjury in a conspiracy with the defendants.

As noted above, for purposes of a Rule 59 motion, the evidence must be viewed in the light most favorable to the prevailing party and issues of credibility and weight of evidence are within the purview of the jury." *Carter v. Chicago Police Officers,* **165 F.3d 1071, 1079 (7th Cir.1998)(quoting and citing to** *M.T. Bonk Co. v. Milton Bradley Co.***, 945 F.2d 1404, 1407 (7th Cir. 1991)).** After making credibility determinations and weighing the evidence accordingly, the jury's ultimate conclusion was in favor of the defendants. The parties presented

differing views of what occurred, each submitting evidence that, if believed by the jury, could have substantiated a verdict. That is precisely why the defendants' Rule 50 motion for judgment as a matter of law during trial was not granted and the case was submitted to the jury. Therefore, all arguments based on plaintiff's view of contradictory evidence fail.

### Evidentiary Rulings

A new trial will only be granted based on erroneous evidentiary rulings if the moving party can demonstrate that the errors were "substantial enough to deny him a fair trial." *Perry v. Larson,* 794 F.2d 279, 285 (7th Cir.1986). Plaintiff would have the Court introduce the defendants' answers to interrogatories as evidence that they committed perjury– so-called impeachment evidence. Plaintiff also objects to his not being permitted to introduce his prison grievances to contradict the alleged perjury.

In the specific context in which the rejected evidence was offered, the Court stands by its evidentiary rulings, which are memorialized in the record. Plaintiff is refashioning the presentation of evidence in a manner that it was not presented at trial. Plaintiff's arguments and assertions that the documents at issue prove perjury is based on plaintiff's particular view, which is not shared by the Court. Even viewing all of the rejected evidence in the context of the trial as a whole, the Court finds no errors that warrant a new trial.

### Voir Dire

Plaintiff submitted two "proposed voir dire questions." **(Doc. 125, p. 4).** The first question pertained to whether jurors would believe the defendants because they were prison

guards, and/or disbelieve plaintiff because he was an inmate. The second question asked whether the jurors would be prejudiced for or against any party because of that party's race. Despite plaintiff's assertions to the contrary, the Court did not state that the parties' proposed voir dire questions would be asked, let alone asked verbatim. In any event, the panel was asked similar questions.

"[V]oir dire . . . need only provide 'some basis for a reasonably knowledgeable exercise of the right of challenge whether for cause or peremptory' " ***United States v. Kord,*** **836 F.2d 368, 374 (7th Cir. 1988) (quoting *United States v. Thompson,* 807 F.2d 585, 590 (7th Cir.1986)).** The fact that the court decides to solicit proposed voir dire questions from the parties changes nothing, as the court is not required to ask any particular question suggested. ***United States v. Verkuilen,*** **690 F.2d 648, 660 (7th Cir.1982).** The Court's extensive voir dire, as well as the written questionnaires filled out by the venire members and reviewed by the parties, provided the parties with sufficient information to challenge for cause and exercise their peremptory challenges.

Plaintiff attempts to suggest error in this judge's disclosure that one of the venire members was his neighbor. Proximity of residences is the entire conflict, which was disclosed to the parties. There was no objection from any party. Therefore, the issue has been waived. In any event, the Court does not perceive any manifest error.

### **Plaintiff's Testimony**

Plaintiff was permitted to give his testimony in a narrative form, rather than asking

himself questions and then answering them himself.  Plaintiff perceives that that procedure somehow prejudiced him in the eyes of the jury.

Plaintiff did not have to give his testimony in narrative form.  In any event, the manner in which the testimony was given does not change the content of the testimony.  This argument is frivolous and certainly not grounds for a new trial.

### Handcuffing Plaintiff in View of the Jury

Plaintiff asserts that during trial, in the presence of the jury, prison guards attempted to handcuff him.  Defendants do not recall such an incident, nor does the Court.  It is the Court's standard procedure to have the jury removed from the courtroom before handcuffs are reapplied to the plaintiff.  In any event, the very nature of the case made it clear that plaintiff was an inmate in a maximum security prison, and guards sat at plaintiff's side throughout trial.  The fact that the Court used its discretion to permit plaintiff to be uncuffed during trial surely mitigated any possible prejudice if there was an attempt to handcuff plaintiff to escort him out of the courtroom to go to the restroom.  Again, the Court perceives no manifest error or prejudice.

### Defense Counsel as Witness

Plaintiff takes issue with the Court's refusal to permit him to call defense counsel Assistant Attorney General Julie Morgan, as a witness.  Plaintiff incorrectly believes that listing Morgan on his witness list in the final pretrial order guaranteed she would testify, even though defendants had lodged an objection.  Morgan had no personal knowledge of the incidents at issue in the trial, and any second-hand knowledge was protected by the attorney-client privilege.

### Jury Instructions

Plaintiff argues that the jury instructions misled the jury. He specifically takes issue with the instruction that the jurors should consider the evidence in light of their own observations in life, which is the language of Seventh Circuit Civil Jury Instruction 1.11, and which was given by the Court. **(Doc. 143-2, p. 7).** Plaintiff also takes issue with the defendants' instruction that the credibility of a witness may be attacked by introducing evidence that the witness has been convicted of a crime, which is Illinois Pattern Instruction 3.05. **(Doc. 143-2, p. 13).** Plaintiff asserts that both instructions are prejudicial. Plaintiff did not tender any instructions of his own.

A party is entitled to a new trial if a jury instruction wrongly or inadequately stated the law and that error caused it prejudice. *See Gile v. United Airlines, Inc.*, **213 F.3d 365, 374-375 (7th Cir. 2000).** Neither instruction is legally inadequate. The Court simply cannot fathom how Seventh Circuit Civil Jury Instruction 1.11 could prejudice plaintiff. With respect to Illinois Pattern Instruction 3.05, there is a degree of prejudice associated with having been convicted of a crime– particularly if the opposing parties have not been convicted of a crime. Nevertheless, conviction of a crime is logically relevant to one's credibility, regardless of whether the defendants had not been convicted of crimes. The jurors were not told the details of plaintiff's crimes (murder, attempted murder, felon in possession of a firearm, criminal damage, and controlled substance offenses). The Court perceives no error or manifest injustice.

### Closing Argument

Plaintiff objects that he was only given 25 minutes for his closing argument– the same amount of time allotted to the defendants (collectively). The Court finds no manifest injustice in

the amount of time allotted, and plaintiff was in control of how he used that time.

### The Reading of the Verdict

Plaintiff contends that it was error for the defendants not to be present for the reading of the verdict. This argument is frivolous, in that there is no way for the jury's decision to have been impacted, since they would have reached their verdict before they learned the defendants were not present.

### Court Bias and Retaliation

Plaintiff asserts the undersigned judge was biased and conducted trial in a manner aimed at retaliating against plaintiff is merely a reflection of plaintiff's disagreement with the evidentiary rulings and assorted issues discussed above. It should suffice to say that rulings and a verdict adverse to plaintiff does not, without more, evince prejudice and impropriety.

**IT IS THEREFORE ORDERED**, for the aforestated reasons, plaintiff Gerald Jones' "Motion for Reconsideration and Motion for New Trial and Relief from Judgment," **(Doc. 135)** is **DENIED** in all respects. The Clerk shall have the record reflect that plaitiff's two motions for ruling **(Docs. 151 and 153)** are **DENIED AS MOOT**.

DATE:  September 20, 2007         s/ Clifford J. Proud
                                  **CLIFFORD J. PROUD**
                                  **U. S. MAGISTRATE JUDGE**